WHITE v. CLARK.

Practice in the Supreme Court: VERDICT. The Supreme Court will not interfere with the finding of a jury simply because an opposite verdict might have been more satisfactory, where the claim of each party rests upon competent evidence tending to support it.

*Appeal from Floyd District Court.*

FRIDAY, SEPTEMBER 25.

ACTION upon an instrument of writing, made by defendant to plaintiff, acknowledging an indebtedness and assigning a

promissory note made by another to defendant, as collateral security for its payment. The defense is a plea of the statute of limitations. Trial to a jury; verdict and judgment for defendant. The plaintiff appeals.

*J. M. Parsons* and *J. Evans Owens*, for appellant.

*Starr, Patterson & Harrison*, for appellee.

COLE, J.—The plaintiff was the owner of a judgment against the defendant, and was about to enforce it. The defendant procured Hartshorn to purchase the judgment and enter a stay of execution for one year. In the transaction, the instrument sued upon, which is for just ten per cent. of the amount of the judgment, was executed. The plaintiff claims that Hartshorn, by the arrangement between him and the defendant, was to purchase the judgment at a shave or discount of ten per cent., and that was all that Hartshorn paid plaintiff, and that the instrument sued on was given by defendant to plaintiff to make up the face of the judgment, which was the least he would take for it and assign it. While the defendant claims that Hartshorn bought the judgment at its face and agreed to extend the time one year at twenty per cent. interest; that the judgment drew ten per cent., and the instrument sued on was given for the other ten per cent., making twenty per cent. interest, which was usurious.

The evidence was conflicting—the testimony produced by each party tended to support his claim. While we would have been better satisfied upon the evidence with a verdict for plaintiff, yet under the oft repeated rule in such cases, we would not be justified in setting aside the verdict.

The objections to the instructions are based upon the want of evidence making them applicable. We think there was evidence authorizing them, and that they are correct.

AFFIRMED.